IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LONDON WILLIAMS                                                                                   PETITIONER

VS.                                                         CIVIL ACTION NO. 3:14cv234-DPJ-FKB

EARNEST LEE, Superintendent
of MSP                                                                                            RESPONDENT

## REPORT AND RECOMMENDATION

This cause is before the Court on the petition for a writ of habeas corpus filed by London Williams and Respondent's motion to dismiss the petition as untimely [9]. Having considered the motion and the memoranda of the parties, the undersigned recommends that the motion be granted and the petition dismissed with prejudice.

Williams was convicted in the Circuit Court of Warren County, Mississippi, of incest and was sentenced to serve a term of ten years in the custody of the Mississippi Department of Corrections (MDOC), with three years suspended and five years of post-release supervision. On May 29, 2012, the Mississippi Court of Appeals affirmed his conviction but vacated his sentence and remanded for re-sentencing. *Williams v. State*, 89 So. 3d 676 (Miss. Ct. App. 2012). Williams sought neither rehearing in the court of appeals nor certiorari review in the Mississippi Supreme Court. On June 12, 2012, he was re-sentenced to a term of ten years, with six years to serve and four years of post-release supervision. Williams did not appeal his new sentence.

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitation for petitions for writs of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). Because Williams did not appeal his new sentence, his conviction became final when his time period for doing so expired, *i.e.,* thirty days after he was sentenced. Thus, his one-year limitations period began to run on July 13, 2012. He had one year from that date, or until July 13, 2013, in which to file for federal habeas relief, subject to tolling for any period during which a properly-filed motion for post-conviction relief (PCR) was pending in the state court. Williams filed a PCR application on July 9, 2013. This application was denied on August 7, 2013. Under § 2244(d)(2), Williams is entitled to thirty days of statutory tolling for the time period during which his state court post-conviction action was pending. Therefore, his one year expired on August 13, 2013

(one year from July 13, 2012, plus thirty days). Williams did not file his federal habeas petition until on or after March 12, 2014.[1]  Thus, his petition is untimely.

Williams argues, however, that he is entitled to either equitable tolling or statutory tolling pursuant to § 2244(d)(1)(B) because of problems he had obtaining assistance from MDOC'S Inmate Legal Assistance Program (ILAP). He claims that when he attempted to mail his state PCR application in May of 2013, he was hampered by the refusal of ILAP personnel to copy portions of the application. He also claims that he was impeded by ILAP personnel when in August of 2013, he attempted to mail a motion for rehearing after the denial of his state PCR application.

In order to avail himself of the doctrine of equitable tolling, William must show that in spite of diligently pursuing his rights, some extraordinary circumstance prevented him from timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). Similarly, Williams can claim the benefits of statutory tolling under §2244(d)(1)(B) only if he establishes that a state-created impediment prevented him from timely filing his habeas petition. *Krause v. Thaler*, 637 F. 3d 558, 560-61 (5th Cir. 2011). Williams has failed on both counts. He has not alleged facts indicating that he was ever prevented from filing his habeas petition; nor has he explained why he waited nearly a year to file his PCR application. Williams is entitled to neither equitable tolling nor statutory tolling under § 2244(d)(1)(B).

For these reasons, the undersigned recommends that the motion to dismiss be

---

[1] Under the "mailbox rule," a prisoner's *pro se* federal habeas petition is deemed filed on the date he delivers the petition to prison officials for mailing to the federal district court. *Coleman v. Johnson*, 184 F.3d 401 (5th Cir. 1999). Thus, Williams's petition was "filed" sometime between the date it was signed, March 12, 2014, and the date it was received and filed by this court, March 20, 2014.

3

granted and the petition dismissed with prejudice. The parties are hereby notified that failure to file written objections to the findings and recommendations contained in this report within ten days of being served with a copy hereof will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; *Douglass v. United Service Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted, this the 4th day of September, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE