UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LONDON WILLIAMS, JR.                                                                               PETITIONER

VS.                                                                   CIVIL ACTION NO. 3:14cv234-DPJ-FKB

SUPERINTENDENT EARNEST LEE                                                               RESPONDENT

ORDER

This habeas corpus petition is before the Court on United States Magistrate Judge F. Keith Ball's Report and Recommendation [18], in which he recommends granting Respondent Earnest Lee's Motion to Dismiss [9] pursuant to 28 U.S.C. § 2244(d).  Petitioner London Williams, Jr., filed Objections [21], and Lee responded [22].  For the reasons stated below, the Court adopts the Report and Recommendation [18], and Lee's Motion [9] is granted.

I.      Facts and Procedural History

The issue is whether Williams's Petition is time barred.  On November 2, 2010, a Mississippi jury convicted Williams for incest.  *Williams v. State*, 89 So. 3d 676, 679 (Miss. Ct. App. 2012).  That sentence was vacated, *id*. at 686, and on June 12, 2012, the trial court entered a new sentence.  Williams neither appealed nor sought certiorari from the Mississippi Supreme Court.  Resp't's Mot. to Dismiss [9] at 3.  Instead, on July 9, 2013, Williams filed an application for permission to seek post-conviction relief.  *Id.*, Ex. E.  The court denied his application on August 7, 2013, Resp't's Mot. to Dismiss [9] at 4, and Williams thereafter filed a number of additional motions seeking rehearing.  The Mississippi Supreme Court ultimately closed the door on his efforts in an order it issued December 10, 2013.  Attachment [3] at 6.

Williams filed his Petition [1] in this Court on March 12, 2014, and met a quick motion to dismiss.  Following briefing, the Magistrate Judge issued a Report and Recommendation [18]

recommending dismissal of the petition as untimely.  Williams filed Objections [21], and the issues have now been thoroughly briefed.[1]

II.   Analysis

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides a one-year statute of limitations for petitions of habeas corpus under 28 U.S.C. § 2254:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> . . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).  In this case, the state court's judgment became final on July 13, 2012, at the expiration of Williams's 30-day time period for appeal.  *See Roberts v. Cockrell*, 319 F.3d 690, 694–95 (5th Cir. 2003); Miss. R. App. P. 4(a).  Thus, unless the statute of limitations was tolled, Williams had until July 13, 2013, to file his Petition.  He filed March 12, 2014.

---

[1]Though it will come as no solace to Williams, the Court notes that his *pro se* pleadings in this Court have been excellent.

Williams seeks both statutory and equitable tolling of the limitations period. He is at least partially correct, as the Magistrate Judge correctly recommends tolling the limitations period 30 days for the pendency of his application for post-conviction relief. But that would push the statute of limitations to August 13, 2013, leaving Williams 216 days past due. Report & Recommendation [18] at 2–3; Resp't's Resp. [22] at 2. To make his Petition timely, Williams further argues that: (1) he lacked knowledge of the factual predicate for his claims until November 2012; (2) the prison denied him access to an inmate writ-writer for 62 days; (3) the state incorrectly denied rehearing of his motion for post-conviction relief; and (4) he was without certain legal papers for 25 days. The Court will take the arguments in turn.

    A.    Factual Predicate

Williams contends that the statute of limitations did not begin to run until November 6, 2012, the date he received the "state court records," because this was the first date upon which he discovered the factual predicate for his claims. Objections [21] at 5–8 (citing 28 U.S.C. § 2244(d)(1)(D)). Although Williams seems to focus this argument on the performance of appellate counsel, his Petition also includes grounds related to trial counsel and the trial judge.

As an initial point, Williams raised all grounds related to the trial judge in his direct appeal, and he has not suggested that he first discovered those grounds in November 2012. The same is essentially true for the grounds related to his trial counsel. The only trial-counsel-related grounds Williams raised for the first time in his Petition assert that counsel: (1) made damaging comments during opening statement; (2) failed to seek an accomplice instruction regarding the alleged victim's testimony; (3) failed to object to the release of a key witness; and (4) failed to object to expert testimony. All of these events occurred in Williams's presence in November

3

2010.  He fails to demonstrate why the factual predicate for them could not "have been discovered through the exercise of due diligence" until he received the transcript in November 2012.  28 U.S.C. § 2244(d)(1)(D).

Finally, as to appellate counsel, the grounds obviously relate to the direct appeal filed on Williams's behalf and the manner in which counsel argued those points.  Appellate counsel filed Williams's initial brief on August 16, 2011, and filed the reply January 3, 2012.  The Mississippi Court of Appeals then mostly denied the appeal on May 29, 2012.  As Respondent observes, Williams maintained contact with his appellate attorney throughout this period.  *See generally* Resp't's Reply [13] Ex. B ("Offender Log").  In particular, he received "legal mail" from his appellate attorney the day after counsel filed the initial brief, *id*. at 1, and the day after he filed the reply, *id.* at 2.  This record certainly suggests that counsel copied Williams on the filings.  And between those dates, Williams continued to receive legal mail and meet with counsel.  *Id*. at 1–2.

While Williams claims that he did not receive his appellate records until November 6, 2012, the Offender Log indicates that what he received that day was the "transcripts," and he has not developed record evidence that until November 6, he remained unaware of the issues he now pursues.  More to the point, he has failed to demonstrate that he could not have discovered the factual predicate for his claim of ineffective assistance of appellate counsel "through the exercise of due diligence" at least by the time the appeal was decided.  28 U.S.C. § 2244(d)(1)(D); *see also Kizzee v. Quarterman*, No. 3:04-CV-2131-K ECF, 2006 WL 2739346, at *3 (N.D. Tex. Sept. 25, 2006) ("Upon appeal, he would have known the basis for his claim of ineffective assistance of appellate counsel."); *Chavez v. Dretke*, No. Civ.A. H-05-1600, 2005 WL 3005635, at *4 (S.D. Tex. Nov. 9, 2005) (same); *Edwards v. Dretke*, No. 3:03-CV-0807-K, 2005 WL

4

119471, at *2 (N.D. Tex. Jan. 19, 2005) (same); *Turner v. Dretke*, No. 3:02-CV-0732-R, 2004 WL 307989, at *3 (N.D. Tex. Feb. 3, 2004) (same); *Buchanan v. Cockrell*, No. 3:01-CV-2270-M, 2002 WL 31548814, at *2 (N.D. Tex. Nov. 13, 2002) (same). Therefore, Williams may not invoke the "factual predicate" trigger for running the one-year limitations period.

B.  Tolling

Williams seeks both statutory and equitable tolling. The one-year limitations period is statutorily tolled

> if an applicant is "prevented from filing" due to an "impediment to filing an application created by State action in violation of the Constitution or laws of the United States." In such a case, the limitations period is tolled until the state-created impediment "is removed." A petitioner alleging a state-created impediment has the burden to show that "(1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."

*Clarke v. Rader*, 721 F.3d 339, 342 (5th Cir. 2013) (citations omitted) (quoting 28 U.S.C. § 2244(d)(1)(B) and *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003)).

To establish a right to equitable tolling, a petitioner must "show[] (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted). "Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) (alteration removed) (internal quotation marks omitted). The doctrine applies "only in cases presenting rare and exceptional circumstances where it is necessary to preserve a plaintiff's claims when strict application of the

5

statute of limitations would be inequitable." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006) (internal quotation marks omitted).

### 1. Inmate Writ-Writer

Williams first asserts that the limitations period should be statutorily or equitably tolled between January 29 and April 1, 2013, when the prison denied him access to an inmate writ-writer who had assisted Williams with his legal filings. Starting with statutory tolling, the mere denial of access to a writ-writer does not violate the Constitution. *Tighe v. Wall*, 100 F.3d 41, 43 (5th Cir. 1996) (per curiam) ("Prisoners have no right to a particular prisoner's help in legal matters as long as the putative recipient's constitutional right of access to the courts is not infringed."). Williams received assistance from Mississippi's Inmate Legal Assistance Program, as demonstrated by his Offender Logs, and has not factually demonstrated that he was denied access to the courts. As for equitable tolling, the facts fail to show he was misled or that an extraordinary circumstance prevented timely filing. Williams is an intelligent man with law-enforcement experience. Even assuming he was denied access to a particular writ-writer for roughly two months, he still had ample time before and after that period to file a timely petition.

### 2. Motion for Rehearing in State Court

Williams additionally seeks tolling for the period during which his motion for rehearing was pending in the Mississippi Supreme Court. Williams asserts that the state court improperly denied his motion for extension of time to file a motion for rehearing by citing to a different rule concerning motions for reconsideration. *Compare* Miss. R. App. P. 27(h), *with* Miss. R. App. P. 40; *see also* Objections [21] Ex. A. The Court must give the state court deference in interpreting its own procedural rules. *See Int'l Truck & Engine Corp. v. Bray*, 372 F.3d 717, 722 (5th Cir.)

("When [a federal court] interpret[s] state law, . . . [it is] bound to apply the law as the state's highest court would."), *opinion corrected on denial of reh'g*, 380 F.3d 231 (5th Cir. 2004).  Here, the Mississippi Supreme Court acknowledged Williams's argument and summarily denied it. Objections [21] Ex. A at 7.  It does not, therefore, appear that his motions were properly before the state court.  Regardless, granting Williams the additional 155 days would not make his petition timely.

        3.     Access to Papers

Finally, Williams requests tolling for the period between May 9 and June 2, 2013, when some of his legal materials were allegedly confiscated.  Taking Williams's allegations as true, the prison staff's actions would be an unconstitutional denial of access to the courts only if Williams showed actual prejudice.  *See Littleton v. Grimes*, 286 F. App'x 887, 887–88 (5th Cir. 2008) (per curiam) (citing *McDonald v. Steward*, 132 F.3d 225, 230–31 (5th Cir. 1998)).  Based on the Court's rulings, the additional 24 days would not make his petition timely.  Therefore, there is no demonstration of actual prejudice, and the Court denies Williams's request for additional tolling.

III.    Conclusion

The Court has considered the parties' arguments.  Those not specifically addressed would not have changed the outcome.  For the foregoing reasons, the Court adopts the Magistrate Judge's Report and Recommendation [18] and grants Respondent Lee's Motion to Dismiss [9].

A separate judgment will be entered herein in accordance with this Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 5th day of November, 2014.

                              s/ *Daniel P. Jordan III*
                              UNITED STATES DISTRICT JUDGE